UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK W. LEVOLA,

                    Petitioner,
                                                    9:12-CV-1185
v.                                                  (GTS/CFH)

NEW YORK STATE DIV. OF PAROLE,

                    Respondent.
_____

APPEARANCES:                            OF COUNSEL:

MARK W. LEVOLA
  Petitioner, *Pro Se*
495 Button Street
Sharon Springs, New York 13459-3714

HON. ERIC T. SCHNEIDERMAN              MICHELLE ELAINE MAEROV, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court is a petition for a writ of *habeas corpus* filed by Mark W.

Levola ("Petitioner") pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) United States Magistrate

Judge Christian F. Hummel has filed a Report-Recommendation recommending that the Petition

be denied and dismissed pursuant to 28 U.S.C. § 2253(c)(2), and that a certificate of

appealability not issue. (Dkt. No. 18.) Petitioner filed an Objection to the Report-

Recommendation. (Dkt. No. 21.) For the reasons set forth below, Magistrate Judge Hummel's

Report-Recommendation is accepted and adopted in its entirety.

# I. RELEVANT BACKGROUND

## A. Petitioner's Underlying Conviction

For the sake of brevity, the Court will not repeat the factual background of Petitioner's February 2004 conviction of Course of Sexual Conduct Against a Child in the First Degree but will respectfully refer the reader to the relevant portions of Magistrate Judge Hummel's Report-Recommendation, which accurately recite that factual background. (Dkt. No. 18, at Part I.)

## B. Petitioner's Claims

Generally, in his Petition dated July 24, 2012, Petitioner asserts the following four claims: (1) a claim that he was unlawfully arrested based on a fabricated confession and *Miranda* waiver; (2) a claim that the county prosecutor presented fraudulent evidence to the grand jury and denied Petitioner the opportunity to testify before the grand jury; (3) a claim that the fraudulent evidence was presented at a *Huntley* hearing concerning Petitioner's motion to suppress his confession; and (4) a claim that his hearing counsel and plea counsel were ineffective by failing to argue on his behalf and advise him of his rights. (Dkt. No. 1, at Grounds One Through Four.)

## C. Magistrate Judge Hummel's Report-Recommendation

Generally, in his Report-Recommendation dated January 9, 2014, Magistrate Judge Hummel recommends that Petitioner's Petition be denied and dismissed due to Petitioner's failure to file his Petition within the one-year statute of limitations period pursuant to 22 U.S.C. § 2244. (Dkt. No. 18, at Part II.) More specifically, Magistrate Judge Hummel finds the following: (1) that Petitioner filed his Petition more than seven years after the statute of limitations began to run; (2) that Petitioner is not entitled to statutory or equitable tolling under the circumstances; and (3) that Petitioner is not entitled to an exception under the Antiterrorism

2

and Effective Death Penalty Act ("AEDPA") because he cannot demonstrate "actual innocence." (*Id*.)

### D. Petitioner's Objections to the Report-Recommendation

Generally, in his Objection filed on February 4, 2014, Petitioner agues that his delay in timely filing his Petition was caused by (1) the fact that he has suffered from medical problems for many years, and (2) the fact that he is proceeding *pro se*, without the benefit of counsel. (Dkt. No. 21.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the

---

[1]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

first instance.[2]  Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007

---

[2]        *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**B.    Standard Governing Review of Petitioner's *Habeas* Petition Pursuant to 28 U.S.C. § 2244(d)(1) and the AEDPA**

Magistrate Judge Hummel has correctly recited the legal standard governing review of Petitioner's *habeas* petition pursuant to 28 U.S.C. § 2244(d)(1) and the AEDPA. (Dkt. No. 18 at

---

[3]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Part II.)  As a result, that standard is incorporated by reference in this Decision and Order, which is intended primarily for review of the parties.

### III.    ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no error in the Report-Recommendation.  Magistrate Judge Hummel employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts.  (Dkt. No. 18, Parts I and II.)  As a result, the Court accepts and adopts Magistrate Judge Hummel's Report-Recommendation in its entirety for the reasons stated therein.  (*Id.*)

The Court would add only one point.  Even when construed with the utmost of liberality, the arguments and evidence adduced by Petitioner in support of his Objection do not undermine Magistrate Judge Hummel's finding that Petitioner is not entitled to equitable tolling under the circumstances.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 18) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's Petition (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability shall not issue with respect to any of the claims set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: May 20, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

6